

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

State Board of Education
Austin, Texas

Overruled by 0-6449 in as juridist conflicto

Dear Sirs:          Attention:  Mr. Gaynor Kendall
                                Investment Counsel

Opinion Number 0-5006
Re:  Whether under current rural
     aid bill an unexpended bal-
     ance in one of the alloca-
     tions for 1941-42 may be
     transferred to the same or
     another allocation for 1942-43.

        We have received your letter of December 8, 1942, which
we quote, in part, as follows:

        "At the end of the fiscal year ending August
31, 1942, there remained unexpended $248,342.57
out of the $8,444,190 appropriated for rural aid
for said year by Section 1 of Article 13, Chapter
549, Acts of the Regular Session of the Forty-seventh
Legislature.  This remainder is the sum of the balances
unexpended out of the allocations made by Section 2 of
Article 13, supra, for salary aid, tuition aid and
transportation aid.

        "Section 2 of the Act further created and alloca-
ted for each year of the biennium the sum of 'Eight
Thousand Dollars ($8,000) for the purpose of employ-
ing an auditor and such other and necessary expenses
incident to the duties of the Joint Legislative Advi-
sory Committee,' and further provided that, 'any unex-
pended balance under either of the above allocations at
the end of the first year of the biennium shall be
transferred by order of the Joint Legislative Advisory
Committee to any allocation herein created and set up.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The State Board of Education has been requested to order transferred the sum of $6,000 out of one of the items representing an unexpended balance out of the appropriation for the year 1941-42 to supplement and increase for the year 1942-43 the allocation of $8,000 for the purpose of employing an auditor and for such other and necessary expenses incident to the duties of the Joint Legislative Advisory Committee (which since have devolved upon the State Board of Education; your opinions O-4609 and O-4706), so as to make the amount expendable for the indicated purposes for the year 1942-43 the aggregate sum of $14,000.

"The State Board of Education at its meeting on December 7th determined to request your opinion whether an unexpended balance in one of the allocations for the year 1941-42 may legally be transferred to the same or another allocation for the year 1942-43 so as to augment the aggregate sum expendable in 1942-43 by the amount so transferred."

Article XIII of the rural aid bill (Acts 1941, 47th leg., R.S., Ch. 549, H. B. 284) provides as follows:

"Section 1. Appropriation. For the purpose of promoting the equalization of educational opportunities afforded by the State of Texas to all enumerated scholastics within the State as herein provided, and for the purpose hereinabove set out, there is hereby appropriated out of the General Revenue Fund of the State of Texas net otherwise appropriated, the sum of Eight Million, Four Hundred Forty-four Thousand, One Hundred And Ninety Dollars ($8,444,190) for the school year ending August 31, 1942, and Eight Million, Four Hundred Fourty-four Thousand, One Hundred and Ninety Dollars ($8,444,190) for the school year ending

August 31, 1943, or so much thereof as may
be necessary for the biennium ending August
31, 1943, to be allocated and expended under
the provisions of this Act by the State Super-
intendent of Public Instruction through the
Director of Equalization in the State Depart-
ment of Education and under the supervision
of the Joint Legislative Advisory Committee
created herein.

"Sec. 2. Allocation. It is herein speci-
fically provided that out of the money appro-
priated for each school year of the biennium
the sum of Four Million, Three Hundred and
Fifty Thousand Dollars ($4,350,000) is hereby
set aside for Salary Aid; Nine Hundred and
Twenty Thousand Dollars ($920,000) for High
School Tuition; Three Million, Thirty-nine
Thousand and Twenty Dollars ($3,039,020) for
Transportation Aid; one Hundred Thirteen
Thousand, Nine Hundred and Seventy Dollars
($113,970) for the administration of this
Act as provided herein; Eight Thousand, Two
Hundred Dollars ($8,200) for the operation of
the school plant division in the Department
of Education, as permitted, authorized, and
appropriated in the general Departmental Ap-
propriation Bill, for the biennium ending
August 31, 1943, Five Thousand Dollars ($5,000)
for the Census Division in the Department of
Education to be expended by the director there-
of on order of the Joint Legislative Advisory
Committee for checking and approving school
census rolls in seasonal labor not to exceed
forty cents (40¢) per hour therefor, Eight
Thousand Dollars (6,000) for the purpose of
employing an auditor and for such other and
necessary expenses incident to the duties of
the Joint Legislative Advisory Committee. Such
auditor shall not receive more than Three Thou-
sand, Six Hundred Dollars ($3,600) per year out
of the sum hereby allocated. The auditor and
other authorized employees shall be appointed
by the committee and their salary and necessary

expenses be paid on order of said Committee
and all such employees shall be under the
direct supervision of said Committee or its
order. Each of the above named allocations
is for each year of the biennium.

"Any unexpended balance under either of
the above allocations at the end of the first
year of the biennium shall be transferred by
order of the Joint Legislative Advisory Com-
mittee to any allocation herein created and
set up." (Emphasis supplied)

In Opinion No. O-4706 we advised the State Superin-
tendent of Public Instruction that the Board of Education
(Opinion No. O-4609) was authorized under the underscored
portion of Article XIII to transfer an unexpended balance in
either of the seven allocations to any one of the other six
allocations that might show a deficit. In other words, if
at the end of the first year of the biennium there were yet
valid claims which could not be paid because of insufficiency
of funds in the particular allocation, then the unexpended
balance in another allocation might be transferred to the ex-
hausted allocation so that such claims could be paid. To our
minds this was the purpose for including the underscored pro-
vision.

Your now ask whether the unexpended balance in one of
the allocations for the year 1941-42 may be transferred to the
same or another allocation for the year 1942-43. This is an
entirely different question, and one which, we think, should be
answered in the negative.

As we have mentioned before, we believe that the pur-
pose of the provision under consideration was to provide a
means whereby an allocation, the funds of which became exhausted
before the end of the first year of the biennium, could be
supplemented. This fact is shown by the fact that the appro-
priation and allocations are set up separately for each year
of the biennium.

To transfer the balance from any allocation for 1941-
42 to any of the allocations for 1942-43 would increase the

amounty appropriated for such year. You will notice that $8,444,190, is specifically appropriated for each year (Section 1, Article XIII). The effect of carrying the money over from one year to the next would be to increase the appropriation above $8,444,190; in view of the clear words of appropriation used by the Legislature, we are convinced that this was not its intent.

The caption to the rural aid bill provided, in part, as follows:

"An Act providing for a more efficient Public School System in Texas; making an appropriation of Eight Million, Four Hundred Forty-four Thousand, One Hundred and Ninety Dollars ($8,-444,190) for each year of the biennium, ending August 31, 1943, allocating the funds so appropriated; * * *" (Emphasis supplied).

A conclusion other than the one we have reached would necessitate a consideration of the sufficiency of the caption under Section 35 of Article III, Constitution of Texas. However, we feel that the caption is a clear indication that the Legislature did not intend for moneys to be carried over from the first year of the biennium to the second year.

In view of the foregoing you are respectfully advised that the unexpended balance in the 1941-42 rural aid appropriation may not be transferred to the 1942-43 appropriation. Your question is, therefore, answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS
By George W. Sparks (s)
Assistant

GWS*S
APPROVED DEC 14, 1942
Gerald C. Mann (s)
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN

EPP (s)